IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| PHILLIP S. MOSKIOS, SR. & JODIE COWAN, | Case No. 1:12-cv-00591-CL |
| Plaintiffs, | REPORT & RECOMMENDATION |
| v. | |
| GREGORY S. FOSTER, | |
| Defendant. | |

CLARKE, Magistrate Judge.

Plaintiffs Phillip S. Moskios, Sr. and Jodie Cowan ("plaintiffs"), residents of Josephine County, Oregon, move for entry of default judgment (#10) against defendant Gregory S. Foster ("defendant"), a debt collector, pursuant to Federal Rule of Civil Procedure ("Rule") 55(b). Plaintiffs request statutory damages from defendant's alleged violation of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and for attorney fees and costs. For the reasons stated below, the court recommends that plaintiffs' motion for default judgment be GRANTED.

Page 1 – ORDER

## BACKGROUND

On April 4, 2012, plaintiffs filed a complaint against defendant, alleging violation of the FDCPA based on defendant's attempts to collect a debt from plaintiffs. Specifically, plaintiffs claim that defendant, after receiving written notice from plaintiffs disputing the debt, continued to contact plaintiffs without first providing validation of the debt as required by 15 U.S.C. § 1692g(b). Plaintiffs also allege that defendant violated 15 U.S.C. § 1692f(2) by failing to provide timely written notification before depositing a post-dated check.

James O'Connor signed for service at defendant's place of business in Trevose, Pennsylvania on May 31, 2012 (#5). Defendant failed to file an answer within the required time period. Plaintiffs subsequently filed a motion (#6) for entry of default, which the court granted (#8). On June 13, 2013, plaintiffs filed a motion for default judgment (#10).

## LEGAL STANDARDS

The decision to grant or deny a motion for default judgment is within the discretion of the court. Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986). In exercising its discretion, the court must consider seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon entry of default, plaintiff's well-pleaded allegations of fact regarding liability, except allegations relating to the amount of damages, will be taken as true. Geddes v. United Fin-Group, 559 F.2d 557, 560 (9th Cir. 1978). Plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation. Davis v. Fendler, 650 F.2d

1154, 1161 (9th Cir. 1981) (internal citation omitted). Relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Rule 54(c).

## DISCUSSION

The Eitel factors weigh in favor of entering default judgment against defendant. First, if default judgment were not granted, plaintiffs would be denied a legal remedy against an allegedly abusive debt collector. In addition to the prejudice plaintiffs would face if default judgment were not granted, plaintiffs' case is likely to succeed on its merits: 15 U.S.C. § 1692g(b) prohibits debt collectors from trying to collect an unverified debt if the consumer notifies the debt collector in writing that the debt is disputed, and 15 U.S.C. § 1692f(2) prohibits debt collectors from accepting checks postdated by more than five days without timely notice. Also in plaintiffs' support, the sum of money at issue is relatively small, and there is no indication that defendant's failure to appear was caused by excusable neglect. Finally, the FDCPA favors entry of default judgment in cases involving abusive debt practices. Jensen v. Omni Credit Services, No. 3:12-cv-00405-HU, 2013 WL 1183317, at *1 (D. Or. Feb. 25, 2013) (citing Ortega v. Griggs & Assocs., No. 51:11-cv-02235, 2012 WL 2913202, at *4 (N.D. Cal. July 13, 2012)).

Plaintiffs seek recovery totaling $4,193, consisting of (1) statutory damages of $1,000; (2) attorney fees of $2,693; and (3) costs of $500. The attorney fees consist of "8.9 hours of time billed by attorney Josh Trigsted at $250/hr. and 3.9 hours of paralegal Terri Parrish at $120/hr, for a total of $2,693." Trigsted Decl. Supp. Mot. Default., p. 2. The court finds that plaintiffs' request for relief is appropriate. 15 U.S.C. § 1692k(a)(2)(A) provides that debt collectors who fail to comply with the provisions of the FDCPA are liable for damages not to exceed $1,000. The FDCPA also directs courts to award prevailing consumers reasonable attorney fees and

costs. 15 U.S.C. § 1692(a)(3). In this case, the amount of time expended and the billing rates charged are reasonable for the legal community and the experience of counsel. *See* Bell v. Clackamas Cnty., 341 F.3d 858, 868 (9th Cir. 2003); Schwarz v. Sec'y Health & Human Services, 73 F.3d 895, 906 (1995).

## RECOMMENDATION

For the reasons stated above, the court recommends that plaintiffs' motion for default judgment be granted, and that plaintiffs be awarded (1) statutory damages of $1,000; (2) attorney fees of $2,693, and (3) costs of $500.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections. See* FED. R. CIV. P. 72, 6.

DATED this 9 day of July, 2013.

MARK D. CLARKE
United States Magistrate Judge